UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Everest Stables, Inc., and Jeffrey Nielsen, | Case No. 21-cv-2289 (WMW/JFD) |
| Plaintiffs, | **ORDER** |
| v. | |
| Porter, Wright, Morris & Arthur LLP and Christopher D. Cathey, | |
| Defendants. | |

Before the Court is Defendants' motion to dismiss. (Dkt. 11.) For the reasons addressed below, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

Plaintiff Jeffrey Nielsen filed this lawsuit on behalf of himself and his business, Plaintiff Everest Stables, Inc. (Everest), against his former attorney, Defendant Christopher D. Cathey, and Cathey's former law firm, Defendant Porter, Wright, Morris & Arthur LLP (PWMA). Nielsen, who lives in Washington County, Minnesota, owns Everest, a thoroughbred horse breeding and racing business.

Plaintiffs allege that Defendants committed legal malpractice, fraud, breach of contract, and breach of fiduciary duty during Defendants' representation of Plaintiffs in three legal malpractice lawsuits that Plaintiffs filed against lawyers and law firms relating to prior litigation initiated by Plaintiffs. In the first lawsuit for which Plaintiffs engaged Defendants, Plaintiffs retained Cathey and his former law firm Roetzel & Andress, LPA (Roetzel), in June 2015 to file a lawsuit against Plaintiffs' former lawyers and their law

firms, along with an insurance company (Rambicure lawsuit).  This dispute pertained to an equine purchase agreement.  When Cathey left Roetzel, he brought the Rambicure lawsuit with him to PWMA.  In the second lawsuit for which Nielsen engaged Defendants, Nielsen retained Cathey and PWMA in September 2016 to pursue legal malpractice claims against Dorsey & Whitney LLP (Dorsey) and a Dorsey attorney for allegedly mishandling three lawsuits that Nielson had filed pertaining to personal disputes (Dorsey lawsuit).  In the third lawsuit for which Everest hired Defendants, Everest retained Cathey and PWMA to pursue legal malpractice claims against Foley & Mansfield, PLLP (Foley) and a Foley attorney for allegedly mishandling three lawsuits against parties with whom Everest and Nielsen had conducted business (Foley lawsuit).

On January 29, 2021, Plaintiffs sued Defendants in Hennepin County District Court, Fourth Judicial District, alleging legal malpractice, breach of contract, fraud, and violations of Minnesota Statutes Sections 481.07 and 481.071 as a result of Defendants' representation of Plaintiffs in the Foley lawsuit and the Dorsey lawsuit (Hennepin County Complaint).  The parties entered into a tolling agreement pursuant to which Plaintiffs voluntarily dismissed the Hennepin County Complaint.  Plaintiffs subsequently commenced this lawsuit in October 2021.

Plaintiffs allege that Defendants committed malpractice during the course of Defendants' representation of Plaintiffs in these three legal malpractice cases.  Plaintiffs also allege that Defendants breached the representation agreement between Plaintiffs and Defendants, breached fiduciary duties Defendants owed to Plaintiffs and defrauded Plaintiffs.  In support of their claims, Plaintiffs rely on Defendants' alleged failure to meet

discovery obligations, Defendants' failure to meet a deadline to file an expert report and Defendants' hasty withdrawal from the representation. Plaintiffs allege that, as part of the justification for ruling against Plaintiffs, the judges who resolved the underlying lawsuits cited Defendants' failure to meet their litigation obligations.

Plaintiffs' complaint in this lawsuit advances 12 claims. Count I alleges that PWMA and Cathey committed legal malpractice in connection with the Foley lawsuit. Count II alleges that PWMA and Cathey committed legal malpractice in connection with the Dorsey lawsuit. Counts III and IV allege that PWMA and Cathey breached their representation agreement with Plaintiffs. Counts V and VI allege that PWMA and Cathey breached their fiduciary duty to Plaintiffs. Counts VII and VIII allege that PWMA and Cathey engaged in fraud and misrepresentation in connection with their representation of Plaintiffs. Counts IX through XII allege that Plaintiffs are entitled to treble damages, pursuant to Minnesota Statutes Sections 481.07 and 481.071, because Defendants deceived Plaintiffs during the course of Defendants' representation of Plaintiffs.

Defendants move to dismiss Plaintiffs' complaint, arguing that Plaintiffs fail to state a claim on which relief can be granted and that Plaintiffs' claims, as they pertain to the Foley lawsuit and the Dorsey lawsuit, are time-barred by the applicable statute of limitations. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). Plaintiffs oppose Defendants' motion on several grounds.

## ANALYSIS

A complaint must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a

3

claim, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555. The court may disregard legal conclusions that are couched as factual allegations. *See Iqbal*, 556 U.S. at 678–79.

### I. Choice of Law

The parties disagree as to which state's laws govern this dispute. When jurisdiction is based on diversity of citizenship, a federal court applies the choice-of-law rules of the forum state to determine which state's substantive law applies. *See Heating & Air Specialists, Inc. v. Jones*, 180 F.3d 923, 928 (8th Cir. 1999). Here, the Court must apply Minnesota choice-of-law rules to determine which state's law applies to Plaintiffs' claims. Because Defendants maintain that the claims related to the Foley lawsuit and the Dorsey lawsuit are subject to a choice-of-law clause but the claims related to the Rambicure lawsuit are not, the Court conducts a choice-of-law analysis for the Rambicure lawsuit and a separate analysis for the Foley lawsuit and the Dorsey lawsuit.

### A. Rambicure Lawsuit

Defendants move to dismiss Plaintiffs' fraud claims related to the Rambicure lawsuit, and the parties dispute whether Kentucky or Minnesota law governs these fraud claims.[1] Under Minnesota law, "[b]efore a choice-of-law analysis can be applied, a court must determine that a conflict exists between the laws of two forums." *Nodak Mut. Ins. Co. v. Am. Fam. Mut. Ins. Co.*, 604 N.W.2d 91, 93–94 (Minn. 2000). Here, the Court must first determine whether the laws of Kentucky and Minnesota conflict as to Plaintiffs' fraud claims related the Rambicure lawsuit.

Neither the Court nor the parties have identified an outcome-determinative conflict between Kentucky and Minnesota law with respect to a fraud claim. *Compare United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (explaining that, under Kentucky law, a party claiming fraud must establish the following elements: "a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury"), *with U.S. Bank N.A. v. Cold Spring Granite Co.*, 802 N.W.2d 363, 373 (Minn. 2011) (explaining that, under Minnesota law, to establish common law fraud, a party must prove "(1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) that the

---

[1] Because Defendants do not move to dismiss Counts I through VI as they relate to the Rambicure lawsuit, the Court does not analyze Counts I through VI as to the Rambicure lawsuit.

5

representation caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance"). Because Kentucky law and Minnesota law do not conflict as to Plaintiffs' fraud claims, the Court analyzes Plaintiffs' fraud claims related to the Rambicure lawsuit under Minnesota law.

### B. Foley Lawsuit and Dorsey Lawsuit

The parties disagree as to the effect of the choice-of-law clause in the parties' representation agreement. In a case arising under diversity jurisdiction, a federal court applies the choice-of-law rules of the forum state—in this case, Minnesota—to determine whether to give effect to an agreement's governing-law clause. *Fla. State Bd. of Admin. v. Law Eng'g & Env't Servs., Inc.*, 262 F. Supp. 2d 1004, 1012 (D. Minn. 2003) (applying Minnesota law). "[U]nder Minnesota law a contractual choice-of-law provision will govern so long as the parties acted in good faith and without an intent to evade the law." *St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.*, 818 F.3d 785, 788 (8th Cir. 2016) (internal quotation marks and brackets omitted). Under Minnesota law, a contractual choice-of-law provision governs non-contract claims if the non-contract claims "are closely related to the interpretation of the contract[ ] and fall within the ambit of the express agreement." *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1392 (8th Cir. 1997) (holding that defendant's counterclaims for negligent performance, misrepresentation, deceptive trade practices, and unjust enrichment—which were styled as tort claims—were governed by a contractual choice-of-law clause because the non-contract claims stemmed from the plaintiff's failure to perform the duties outlined in the parties' contracts).

Here, the parties' representation agreement includes a choice-of-law clause that specifically states that the relationship between the parties is governed by Ohio law. Under Minnesota choice-of-law doctrine, absent bad faith or attempts to evade the law, Ohio law must govern Plaintiffs' claims against Defendants as to the Foley lawsuit and the Dorsey lawsuit. *See St. Jude*, 818 F.3d at 788. Plaintiffs contend that, because a prior representation agreement with Cathey that was reached when Cathey worked at a law firm other than PWMA did not include the Ohio choice-of-law provision, the inclusion of a choice-of-law provision in Plaintiffs' representation agreement with PWMA constitutes bad faith. Plaintiffs' argument is unavailing. The representation agreement's language is clear, and Plaintiffs fail to demonstrate bad faith. Moreover, the parties' representation agreement expressly "supersedes any prior understandings and agreements." The Court, therefore, applies Ohio law to Plaintiffs' claims against Defendants that pertain to the Foley lawsuit and the Dorsey lawsuit.

## II.   Legal-Malpractice Claims (Counts I and II)

Plaintiffs allege that Defendants committed legal malpractice during their representation in the Foley lawsuit and the Dorsey lawsuit. Defendants contend that Plaintiffs' legal malpractice claims are time-barred because Plaintiffs did not comply with the one-year statute of limitations for legal-malpractice claims under Ohio law. Plaintiffs disagree.

Failure to comply with the statute of limitations is an affirmative defense. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). "As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless

7

the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (internal quotation marks omitted). Because it is a defendant's burden to prove an affirmative defense, a plaintiff need not specifically plead that a claim falls within the statute of limitations. *See id.* Under Ohio law, "a cause of action for legal malpractice accrues and the one-year statute of limitations commences to run either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Omni-Food & Fashion, Inc. v. Smith*, 528 N.E.2d 941, 944 (Ohio 1988). When determining the accrual date in a legal-malpractice action, a court must determine:

> when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury.

*Id.* at 944–45. Applying this legal framework to the allegations in the complaint and viewing the allegations in the light most favorable to Plaintiffs, the complaint cannot demonstrate an accrual date as to the Foley lawsuit any later than April 25, 2019, which is when Cathey and PWMA withdrew from representing Everest. Indeed, the complaint establishes that Plaintiffs were aware of the litigation conduct underlying Plaintiffs' malpractice claims prior to that date. In addition, the complaint cannot demonstrate an accrual date as to the Dorsey lawsuit any later than October 18, 2019, which is when the

state court issued an adverse ruling that, according to the complaint in this case, "delineated [counsel's] failures" in the Dorsey lawsuit. This lawsuit was not commenced until October 15, 2021, more than one year after the attorney-client relationship had terminated and more than one year after Plaintiffs reasonably should have discovered the resulting damage or injury. Moreover, even if the Court were to consider the parties' tolling agreement, despite that agreement being outside the pleadings, the parties undisputedly did not execute that agreement until several months after the limitations period expired. Plaintiffs have identified no legal authority establishing that a tolling agreement can retroactively revive claims after the limitations period has expired.

For these reasons, the complaint establishes that Plaintiffs failed to comply with Ohio's one-year statute of limitations for legal-malpractice claims. Accordingly, the Court grants Defendants' motion to dismiss Counts I and II of the complaint.

### III.   Breach-of-Contract Claims (Counts III and IV)

Defendants contend that, under Ohio law, a breach-of-contract claim is subsumed under a legal-malpractice claim. And for this reason, Defendants argue, Plaintiffs' breach-of-contract claims are also time-barred because of Plaintiffs' failure to comply with the one-year statute of limitations.

Under Ohio law, "breach of contract claims stemming from an attorney-client relationship" are "encompassed by malpractice claims if they relate to the manner in which an attorney represents a client." *Waite, Schneider, Bayless & Chesley Co., L.P.A. v. Davis*, 5 F. Supp. 3d 922, 928 (S.D. Ohio 2014). "When the gist of a complaint sounds in malpractice, the other duplicative claims, even those labeled as fraud and breach of

9

contract, are subsumed within the legal-malpractice claim." *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, No. 98861, 2014 WL 72538, at *7 (Ohio Ct. App. Jan. 9, 2014) (citing *Hibbett v. Cincinnati*, 446 N.E.2d 832, 836 (Ohio Ct. App. 1982)). "Malpractice by any other name still constitutes malpractice," and if a breach-of-contract claim arises from alleged malpractice, the one-year malpractice statute of limitations applies. *Muir v. Hadler Real Estate Mgmt. Co.*, 446 N.E.2d 820, 822 (Ohio Ct. App. 1982).

The complaint alleges the same facts in support of Plaintiffs' legal-malpractice claims and Plaintiffs' breach-of-contract claims. Because breach-of-contract claims are subsumed by legal-malpractice claims under Ohio law, Plaintiffs' breach-of-contract claims related to the Foley lawsuit and the Dorsey lawsuit are subsumed by Plaintiffs' legal-malpractice claims. Therefore, because the Court grants Defendants' motion to dismiss Plaintiffs' legal-malpractice claims, the Court also grants Defendants' motion to dismiss Counts III and IV of Plaintiffs' complaint.

### IV. Breach-of-Fiduciary-Duty Claims (Counts V and VI)

Defendants contend that, under Ohio law, a breach-of-fiduciary-duty claim is subsumed under a legal-malpractice claim. And for this reason, Defendants argue, Plaintiffs' breach-of-fiduciary-duty claims as to the Foley lawsuit and the Dorsey lawsuit are also time-barred as a result of Plaintiffs' failure to comply with the one-year statute of limitations. "Like breach of contract claims stemming from an attorney-client relationship, under Ohio law, breach of fiduciary [duty] claims are also encompassed by malpractice claims if they relate to the manner in which an attorney represents a client." *Waite*, 5 F. Supp. 3d at 928.

The complaint alleges the same facts in support of Plaintiffs' legal-malpractice claims and Plaintiffs' breach-of-fiduciary-duty claims. Because breach-of-fiduciary-duty claims are subsumed by legal-malpractice claims under Ohio law, Plaintiffs' breach-of-fiduciary-duty claims related to the Foley lawsuit and the Dorsey lawsuit are subsumed by Plaintiffs' legal-malpractice claims. Therefore, in light of the Court's decision to grant Defendants' motion to dismiss Plaintiffs' legal-malpractice claims, the Court also grants Defendants' motion to dismiss Counts V and VI of Plaintiffs' complaint.

### V.     Fraud Claims (Counts VII and VIII)

Defendants challenge the sufficiency of the factual allegations as to Plaintiffs' fraud claims. Regardless of whether the fraud claims are analyzed under Minnesota or Ohio law, Defendants argue, the allegations of fraud are insufficient. There is no outcome-determinative difference between the elements of a fraud claim under Minnesota and Ohio law.[2]

---

[2]     *Compare U.S. Bank*, 802 N.W.2d at 373 (explaining that the elements of common law fraud under Minnesota law are: "(1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) that the representation caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance"), *with State ex rel. Seibert v. Richard Cyr, Inc.*, 134 N.E.3d 1185, 1194 (Ohio 2019) (explaining that the elements of a fraud claim under Ohio law are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance" (internal quotation marks omitted)).

When pleading a fraud claim, a party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *accord E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012) (statutory fraud); *Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (common law fraud). The requisite degree of particularity depends on the nature of the case. *E-Shops Corp.*, 678 F.3d at 663. But conclusory allegations that the defendant's conduct was fraudulent and deceptive do not satisfy Rule 9(b). *Id.* As to the alleged fraud, Rule 9(b) requires that the complaint set forth the who, what, when, where, and how. *Id.* The primary purpose of this particularity requirement is to enable a defendant to respond and prepare a defense to the fraud claim. *Com. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). Although a plaintiff need not allege the precise details of every instance of fraud, Rule 9(b) requires the complaint to include sufficient details to notify the defendant of the core factual basis for the fraud claim. *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 898 (D. Minn. 2013).

Plaintiffs' allegations of fraud pertain to alleged misrepresentations as to Defendants' preparedness to litigate the Rambicure lawsuit, the Foley lawsuit and the Dorsey lawsuit; the timeliness and readiness of filings; and the adequacy of expert filings. Plaintiffs' allegations of misrepresentation are specific, detailing the alleged misrepresentations made, by whom, on what subject, and for what purpose. These alleged facts are sufficient to establish a plausible claim on which relief can be granted. For this reason, the Court denies Defendants' motion to dismiss Counts VII and VIII of Plaintiffs' complaint.

## VI. Statutory Damages (Counts IX, X, XI, and XII)

Because they contend that Plaintiffs have failed to state a claim for fraud, Defendants argue that Plaintiffs' claims pursuant to Minnesota Statutes Sections 481.07 and 481.071 must also be dismissed. Plaintiffs disagree.

Sections 481.07 and 481.071 deter "fraudulent [attorney] behavior intended to deceive a party to an action or proceeding before the court" and penalize an attorney who has engaged in impermissible conduct. *Baker v. Ploetz*, 616 N.W.2d 263, 272 (Minn. 2000). To "assert a claim for damages under either statute, the plaintiff must: (1) specifically allege a claim of fraud as the underlying cause of action, in compliance with Fed. R. Civ. P. 9(b); and (2) show that the offending attorney conduct occurred within the context of a judicial proceeding." *Beardmore v. Am. Summit Fin. Holdings, LLC*, No. 01-948 (DWF/SRN), 2001 WL 1586785, at *8 (D. Minn. Dec. 10, 2001) (citing *Baker*, 616 N.W.2d at 266, 269–72). As the Court denies Defendants' motion to dismiss as to Plaintiffs' fraud claims, the Court also denies Defendants' motion to dismiss Plaintiffs' claims under Sections 481.07 and 481.071, as alleged in Counts IX, X, XI, and XII of Plaintiffs' complaint.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants Christopher D. Cathey and Porter, Wright, Morris, & Arthur LLP's motion to dismiss, (Dkt. 11), is **GRANTED IN PART AND DENIED IN PART** as follows:

13

1. Defendants' motion to dismiss is **GRANTED** as to Counts I through VI, as addressed herein; and

2. Defendants' motion to dismiss is **DENIED** as to Counts VII through XII, as addressed herein.

Dated: August 29, 2022                                     s/Wilhelmina M. Wright
                                                          Wilhelmina M. Wright
                                                          United States District Judge