UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Everest Stables, Inc., and Jeffrey Nielsen, | Case No. 21-cv-2289 (WMW/JFD) |
| Plaintiffs, | |
| | **ORDER** |
| v. | |
| Porter, Wright, Morris, & Arthur LLP and Christopher D. Cathey, | |
| Defendants. | |

---

This matter is before the Court on Defendants Porter, Wright, Morris, & Arthur LLP and Christopher D. Cathey's September 2, 2022 letter. (Dkt. 27.) Defendants seek leave to file a motion to reconsider the Court's August 29, 2022 Order, which granted in part and denied in part Defendants' motion to dismiss. Plaintiffs Everest Stables, Inc., and Jeffrey Nielsen oppose Defendants' request.

Local Rule 7.1(j) prohibits filing a motion to reconsider without leave of court. A party may receive permission to file a motion to reconsider only by showing "compelling circumstances." LR 7.1(j). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted). A motion to reconsider cannot be employed to repeat arguments previously made, introduce evidence or arguments that could have been made earlier or tender new legal theories for the first time. *See id.*

Defendants do not purport to present newly discovered evidence, but instead suggest that the Court's August 29, 2022 Order contains legal errors or omissions that create "compelling circumstances" within the meaning of Local Rule 7.1(j). In particular, Defendants argue that the one-year legal malpractice statute of limitations under Ohio law mandates dismissal of Count VII and Count VIII, and that the Court should have dismissed these claims on this basis. However, Defendants endorsed the application of Minnesota law to Counts VII and Count VIII, and Defendants failed to make any substantial argument about whether the Court should treat these two counts as subsumed within Plaintiffs' malpractice claims despite the availability of that argument to Defendants when they filed their motion to dismiss. As such, Defendants seek only the chance to introduce "arguments that could have been made [earlier], or tender new legal theories for the first time." *Hagerman*, 839 F.2d at 414. Because such purposes do not align with the "limited function" of a motion to reconsider, *id.*, Defendants have not demonstrated the "compelling circumstances" necessary to seek reconsideration under Local Rule 7.1(j).

For these reasons, the Court denies Defendants' request for leave to file a motion to reconsider.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Defendants Porter, Wright, Morris, & Arthur LLP and Christopher D. Cathey's request to file a motion to reconsider, (Dkt. 27), is **DENIED**.

Dated:  September 29, 2022                      s/Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge