UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Everest Stables, Inc., Jeffrey Nielsen,

Plaintiffs,

v.

Porter, Wright, Morris, & Arthur LLP,
Christopher D. Cathey,

Defendants.

Case No. 21-cv-2289 (WMW/JFD)

**ORDER**

---

This matter is before the Court on Defendants Porter, Wright, Morris, & Arthur LLP ("Porter Wright") and Christopher D. Cathey's ("Cathey") motion to dismiss for failure to state a claim and motion for judgment on the pleadings. Plaintiffs Everest Stables, Inc. ("Everest") and Jeffrey Nielsen ("Nielsen") oppose Defendants' motions. For the reasons addressed below, the Court grants Defendants' motion to dismiss, thereby making the motion for judgment on the pleadings moot.

**BACKGROUND**

Plaintiff Nielsen filed this lawsuit on behalf of himself and his business, Plaintiff Everest, against his former attorney, Defendant Cathey, and Cathey's former law firm, Defendant Porter Wright. Nielsen, who lives in Washington County, Minnesota, owns Everest, a thoroughbred horse breeding and racing business.

Plaintiffs allege that Defendants committed legal malpractice, fraud, breach of contract, and breach of fiduciary duty during Defendants' representation of Plaintiffs in three legal malpractice lawsuits that Plaintiffs filed against lawyers and law firms relating

to prior litigation initiated by Plaintiffs.  In the first lawsuit for which Plaintiffs engaged Defendants, Plaintiffs retained Cathey and his former law firm, Roetzel & Andress, LPA (Roetzel), in June 2015 to file a lawsuit against Plaintiffs' former lawyers and their law firms, along with an insurance company ("Rambicure lawsuit").  This dispute pertained to an equine purchase agreement.  When Cathey left Roetzel, he brought the Rambicure lawsuit with him to Porter Wright.  In the second lawsuit for which Nielsen engaged Defendants, Nielsen retained Cathey and Porter Wright in September 2016 to pursue legal malpractice claims against Dorsey & Whitney LLP ("Dorsey") and a Dorsey attorney for allegedly mishandling three lawsuits that Nielson had filed pertaining to personal disputes ("Dorsey lawsuit").  In the third lawsuit for which Everest hired Defendants, Everest retained Cathey and Porter Wright to pursue legal malpractice claims against Foley & Mansfield, PLLP ("Foley") and a Foley attorney for allegedly mishandling three lawsuits against parties with whom Everest and Nielsen had conducted business ("Foley lawsuit").

On January 29, 2021, Plaintiffs sued Defendants in Hennepin County District Court, Fourth Judicial District, alleging legal malpractice, breach of contract, fraud, and violations of Minnesota Statutes Sections 481.07 and 481.071 as a result of Defendants' representation of Plaintiffs in the Foley lawsuit and the Dorsey lawsuit ("Hennepin County Complaint").  The parties entered into a tolling agreement pursuant to which Plaintiffs voluntarily dismissed the Hennepin County Complaint.  Plaintiffs subsequently commenced this lawsuit in October 2021.

Plaintiffs allege that Defendants committed legal malpractice during the course of Defendants' representation of Plaintiffs in these three legal malpractice cases.  Plaintiffs

also allege that Defendants breached the representation agreement between Plaintiffs and Defendants, breached the fiduciary duties that Defendants owed to Plaintiffs and defrauded Plaintiffs.  In support of their claims, Plaintiffs rely on Defendants' alleged failure to meet discovery obligations, Defendants' failure to meet a deadline to file an expert report and Defendants' hasty withdrawal from the representation.  Plaintiffs allege that, as part of the justification for ruling against Plaintiffs, the judges who resolved the underlying lawsuits cited Defendants' failure to meet their litigation obligations.

Plaintiffs' complaint in this lawsuit advances 12 claims.  Count I alleges that Porter Wright and Cathey committed legal malpractice in connection with the Foley lawsuit. Count II alleges that Porter Wright and Cathey committed legal malpractice in connection with the Dorsey lawsuit.  Counts III and IV allege that Porter Wright and Cathey breached their representation agreement with Plaintiffs.  Counts V and VI allege that Porter Wright and Cathey breached their fiduciary duty to Plaintiffs.  Counts VII and VIII allege that Porter Wright and Cathey engaged in fraud and misrepresentation during their representation of Plaintiffs.  Counts IX through XII allege that Plaintiffs are entitled to treble damages, pursuant to Minnesota Statutes Sections 481.07 and 481.071, because Defendants deceived Plaintiffs during the course of Defendants' representation of Plaintiffs.

Defendants moved to dismiss Plaintiffs' complaint, arguing that Plaintiffs fail to state a claim on which relief can be granted and that Plaintiffs' claims, as they pertain to the Foley lawsuit and the Dorsey lawsuit, are time-barred by the applicable statute of

limitations.  *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6).  Plaintiffs opposed Defendants' motion on several grounds.

On August 29, 2022, this Court granted in part Defendants' motion to dismiss as to Counts I through VI, and denied the motion as to Counts VII through XII.  On April 20, 2023, Defendants filed a motion to dismiss pursuant to Minn. Stat. 544.42, and moved for judgment on the pleadings as to the Rambicure lawsuit.  Plaintiffs oppose both of Defendants' motions on several grounds.

## ANALYSIS

### A.   Legal Standard for Motion to Dismiss and Requirements of Minnesota Statute Section 544.42

A complaint must be dismissed if it fails to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, the complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When determining whether a complaint states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plaintiff must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id*. at 555.

The court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft*, 556 U.S. at 678–79.

When a plaintiff alleges negligence or malpractice against a professional for providing a professional service and intends to establish its case using expert testimony, Minnesota law requires the plaintiff to submit two separate affidavits in a timely manner. These affidavits are referred to as the Expert Review Affidavit and the Expert Disclosure Affidavit.  Minn. Stat. § 544.42, subd. 2.

The Expert Review Affidavit, prepared by the plaintiff's attorney, must state that the attorney has reviewed the case's facts with an expert whose qualifications reasonably support the admissibility of the expert's opinions at trial.  Additionally, it must state that, according to the expert's opinion, the defendant deviated from the applicable standard of care and caused harm to the plaintiff. *Id.*, subd. 3(a)(1).  The Expert Review Affidavit must be served to the opposing party along with the Summons and Complaint, which are the legal documents initiating the lawsuit. *Id.*, subd. 2(1).

On the other hand, the Expert Disclosure Affidavit, signed by the plaintiff's attorney, must identify each person expected to testify as an expert witness at trial regarding negligence, malpractice, or causation.  It must also provide a summary of the relevant facts and opinions that the expert is expected to testify about, along with a brief explanation of the grounds for each opinion. *Id.*, subd. 4.  The Expert Disclosure Affidavit must be served on the opposing party within 180 days after the discovery process begins. *Id.*, subd. 2(2).

The purpose of these expert-affidavit requirements in Section 544.42 is to facilitate the early dismissal of unfounded malpractice claims. *Brown–Wilbert, Inc. v. Copeland*

*Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 217 (Minn. 2007).  Failure to comply with the statutory requirements for the Expert Review Affidavit and Expert Disclosure Affidavit may result in the imposition of penalties.  *Id*., subd. 6.  Specifically, if the plaintiff fails to comply with subdivision 2, clause (1), within 60 days of receiving a demand for the affidavit, each cause of action that requires expert testimony to establish a prima facie case must be dismissed.  *Id*., subd. 6(a).  Similarly, failure to comply with subdivision 4 will result in the mandatory dismissal of an action requiring expert testimony to establish a prima facie case.  However, the court must give the nonmoving party a 60-day notice to satisfy the disclosure requirements before granting dismissal based on affidavit or interrogatory deficiencies.  *Id*., subd. 4.  In such circumstances, the court must provide specific findings regarding the deficiencies.  *Id*., subd. 6(c).

The 60-day "safe harbor" period for the Expert Disclosure Affidavit is not available, however, if the plaintiff fails to provide an affidavit within the 180-day period.  *See Afremov v. Sulloway & Hollis, P.L.L.C.*, 922 F. Supp. 2d 800, 814 (D. Minn. 2013); *Brown–Wilbert, Inc*, 732 N.W.2d at 219; *House v. Kelbel*, 105 F. Supp. 2d 1045, 1054 (D. Minn. 2000).  Failure to provide an Expert Disclosure Affidavit deems a professional liability claim "frivolous per se."  *House*, 105 F. Supp. 2d at 1054; *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn. 1990).

Minnesota courts consistently enforce the requirements of Section 544.42, even when strict enforcement results in significant consequences.  *See Afremov*, 922 F. Supp. 2d at 815-16; *Middle River–Snake River Watershed Dist. v. Dennis Drewes*, Inc., 692 N.W.2d

87, 91 (Minn. App. 2005). Dismissal with prejudice is mandatory when a party fails to comply with the expert affidavit requirement.

### B.    *Choice of Law and the Erie Doctrine*

In this case brought pursuant to diversity jurisdiction, the application of Minnesota Statutes Section 544.42 to Plaintiffs' claims is warranted. Because Section 544.42 does not directly conflict with a Federal Rule of Civil Procedure and the application of Section 544.42 significantly affects the outcome of the litigation, federal courts consistently consider Minn. Stat. § 145.682, and by extension Section 544.42, as substantive in the context of *Erie*. *See Ellingson v. Walgreen Co.*, 78 F. Supp. 2d 965, 968 (D. Minn. 1999).

Although Section 544.42 is "substantive" for *Erie* doctrine purposes and not displaced by a federal procedural rule, it may not be "substantive" for choice-of-law purposes. As the Supreme Court has clarified, what is considered substantive under the *Erie* doctrine may not necessarily be substantive for conflict of laws. *Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988); *see also Schwan's Sales Enter., Inc. v. Sig Pack, Inc.*, 476 F.3d 594, 596 (8th Cir. 2007). For this reason, a separate choice-of-law analysis is warranted.

The Court must first establish whether Section 544.42 is "substantive" or "procedural" for choice-of-law purposes. *See Glover v. Merck & Co., Inc.*, 345 F.Supp.2d 994, 998 (D. Minn. 2004). Minnesota law governs this determination. *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 736 (8th Cir. 1995). If the issue is deemed substantive, the Court applies a multi-step choice-of-law analysis, including the application of five choice

influencing considerations, to determine which state's law applies. However, the law of the forum state applies if the issue is procedural. *Fleeger v. Wyeth*, 771 N.W.2d 524, 528 (Minn. 2009); *Davis v. Furlong*, 328 N.W.2d 150, 153 (Minn. 1983).

For choice-of-law purposes, Section 544.42 is classified as "procedural," and Minnesota law applies. The distinction between substantive and procedural law is well-established in Minnesota courts. Substantive law refers to the part of the law that creates, defines, and regulates rights, as opposed procedural law, which governs the methods of enforcing those rights or obtaining redress for their violation. *Zaretsky v. Molecular Biosystems, Inc.*, 464 N.W.2d 546, 548 (Minn. App. 1990). A statute is procedural if it does not create a new cause of action or affect any defense. *State v. Lindsey*, 632 N.W.2d 652, 658 (Minn. 2001).

The purpose of Section 544.42's expert-affidavit requirement is to dismiss baseless malpractice claims promptly. *Brown–Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P.*, 732 N.W.2d 209, 217 (Minn. 2007). This requirement does not alter the substantive elements of a legal malpractice claim. Rather, it serves as a procedural mechanism to deter or dismiss frivolous litigation. Section 544.42 imposes additional prerequisites on plaintiffs before pursuing their claims, without creating a cause of action or modifying the fundamental right to sue for professional malpractice. *Guzick v. Kimball*, 869 N.W.2d 42, 46-47 (Minn. 2015); *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.*, 715 N.W.2d 458, 471 (Minn. App. 2006).

Therefore, because Section 544.42 is "substantive" for *Erie* doctrine purposes and "procedural" for choice-of-law purposes, the requirements of Section 544.42 apply here, regardless of the substantive law applicable to the various claims at issue.

### C.   Scheduling Order

The Federal Rules of Civil Procedure provide the framework for managing civil cases, including the establishment of scheduling orders to facilitate efficient case management.  Rule 16, Fed. R. Civ. P., mandates that the Court issue a scheduling order setting deadlines for various case-related activities, including expert disclosures.  The scheduling order in this case reflects the provisions of Rule 26(a)(2), Fed. R. Civ. P., and Ohio R. Civ. P. 26(B)(7)(b) regarding the timing and sequence for expert disclosure.  The purposes of Rule 26(a)(2), Fed. R. Civ. P., and Ohio R. Civ. P. 26(B)(7)(b) is to eliminate surprises and promote timely exchange of expert reports and disclosures.

Section 544.42, subd. 2(2), requires plaintiffs in legal malpractice cases to "serve upon the defendant[s]...an affidavit as provided in [Section 544.42, subd. 3] identifying each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of negligence, malpractice, or causation."  This affidavit must be served within 180 days after the commencement of discovery under Minn. R. Civ. P. 26.01.  Minn. Stat. § 544.42, subd. 4.  Compliance with this 180-day deadline is mandatory, and courts strictly enforce the requirement.  *See Lindberg v. Health Partners*, Inc., 599 N.W.2d 572, 578 (Minn. 1999).

Here, Plaintiffs commenced discovery in this case on September 23, 2022, thereby starting the 180-day period under Section 544.42, subd. 4.  But Plaintiffs did not serve the

required expert affidavit on Defendants by March 22, 2023, which was the 180th day deadline.  Plaintiffs therefore failed to comply with the deadline mandated by Section 544.42, subd. 4, despite this Court's Rule 16 scheduling order governing discovery timelines and disclosures.  That scheduling order does not supersede or extend the affirmative requirement to serve the expert affidavit within 180 days after commencing discovery.  *See, e.g., Lindberg*, 599 N.W.2d at 578.

Because Plaintiffs failed to timely serve the expert affidavit as expressly required by Minn. Stat. § 544.42, subd. 4, the Court dismisses Plaintiffs' remaining claims with prejudice.  Under Section 544.42, subd. 6, "[f]ailure to comply with [the 180-day deadline] results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case."  This penalty of dismissal with prejudice applies here based on Plaintiffs' noncompliance.

### D.    Malpractice

Plaintiffs' remaining legal malpractice claim is Count I, which pertains to the Rambicure lawsuit.[1]  Plaintiffs maintain that Minn. Stat. § 544.42 does not apply to their legal malpractice claims regarding the Rambicure lawsuit because expert testimony is unnecessary to prove Defendants' legal malpractice in this case.  The purpose of the statute, Plaintiffs contend, is to prevent frivolous actions by establishing a threshold for plaintiffs in malpractice claims.  But the statute does not apply, according to Plaintiffs, because a jury can adequately evaluate the alleged misconduct without expert testimony.

---

[1] Plaintiffs' legal malpractice claims pertaining to the Dorsey and Foley lawsuits have been dismissed by this Court based on statute-of-limitations grounds.

In the Rambicure lawsuit, Plaintiffs argue, Defendants litigated the case and lost on summary judgment in the Kentucky District Court; the Sixth Circuit found that the District Court's dismissal of the claims against Rambicure was "incorrect," vacated that part of the District Court's decision, and remanded all claims against Rambicure to the District Court for further consideration. The dismissed claims included bad faith, fraud, conspiracy to commit fraud, and negligent misrepresentation. Plaintiffs contend that the dismissed claims relied on non-existent insurance coverage for Rambicure's actions and that a jury can understand the negligence, causation, and damages claims alleged in this case without expert testimony. Plaintiffs also assert that Defendants knowingly pursued baseless claims, resulting in excessive legal fees for Plaintiffs. Proving these claims at trial, Plaintiffs contend, requires establishing only the absence of viable claims and the resulting harm to Plaintiffs. Expert testimony, Plaintiffs argue, is not needed.

Defendants disagree, arguing that because Plaintiffs' claims in the Rambicure lawsuit require expert testimony, the submission of an affidavit is required. Everest asserted claims against Rambicure, MillerWells, and Zurich in that lawsuit. And although Plaintiffs contend that expert testimony is not required for the claims related to Zurich, Defendants argue, Plaintiffs' failure to address the Rambicure/MillerWells claims effectively waives any argument to the contrary.

Defendants argue that dismissal and appeal of the claims against Zurich do not render them non-existent, as attorney misconduct cases typically require expert testimony. As to the Zurich claims, Plaintiffs allege legal malpractice, breach of contract, breach of fiduciary duty, and fraud. Defendants contend that expert testimony is warranted to address

the complex nature of these circumstances and arguments.  Therefore, Defendants argue,

Plaintiffs had an obligation to provide the Section 544.42 Affidavit for the Zurich-based

claims, and Plaintiffs' failure to do so justifies dismissal of the Zurich claims.

The elements of a *prima facie* legal malpractice case are the same under Kentucky

and Minnesota law.  Under Kentucky law, to state a claim of legal malpractice, the plaintiff

must allege: (1) the existence of an employment relationship with the attorney; (2) the

attorney's failure to exercise ordinary care expected from a reasonably competent attorney

in similar circumstances; and (3) the attorney's negligence as the proximate cause of the

plaintiff's damages.  *Lawrence v. Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133,

138 (Ky. 2018) (citing *Marrs v. Kelly*, 95 S.W.3d 856, 860 (Ky. 2003)).  As to causation,

the plaintiff must establish that, but for the attorney's negligence, the plaintiff would have

had a more favorable outcome in the underlying claim.  *Marrs*, 95 S.W.3d at 860.

Similarly, under Minnesota law, a *prima facie* case of legal malpractice requires the

plaintiff to establish four elements: (1) the existence of an attorney-client relationship; (2)

acts constituting negligence or breach of contract; (3) those acts being the proximate cause

of the plaintiff's damages; and (4) that, without the attorney's conduct, the plaintiff would

have been successful in the prosecution or defense of the action.  *Blue Water Corp., Inc. v.

O'Toole*, 336 N.W.2d 279, 281 (Minn. 1983).

The attorney-client relationship element is not in dispute.  Expert testimony is

generally required under both Kentucky and Minnesota law, however, to establish the

applicable standard of care, breach of that standard, and causation.  *Marrs*, 95 S.W.3d at

860, *Blankenship v. Collier*, 302 S.W.3d 665 (Ky. 2010); *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 817 (Minn. 2006).

Kentucky law requires expert testimony to establish the standard of care, breach, and causation when the alleged negligence involves legal judgment or the application of complex legal principles. *EQT Prod. Co. v. Vorys, Sater, Seymour and Pease, LLP*, No. 15-146, 2018 WL 1996797, at *16 (E.D. Ky. 2018). Similarly, under Minnesota law, expert testimony is necessary when a claim involves complicated issues of causation and damages. *Schmitz v. Rinke, Noonan, Smoley, Deter, Colombo, Wiant, Von Korff & Hobbs, Ltd.*, 783 N.W.2d 733, 739 (Minn. App. 2010). When the causal-relation issue is beyond the common knowledge of laypersons, expert testimony becomes essential. *Id.*

In the Rambicure lawsuit, the court recognized that assessing the quality of legal advice on a nuanced subject requires the expertise of an attorney. *Bolan-Maloney Lumber Co. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009). Plaintiffs' failure to provide sufficient expert testimony in the Rambicure lawsuit led to the dismissal of its malpractice claim. *Rambicure*, 2022 WL 2833996, at *3.

In light of Plaintiffs' failure to present adequate expert testimony in the Rambicure lawsuit, any argument that Plaintiffs can pursue a malpractice claim related to the Rambicure lawsuit without such testimony lacks merit. Expert testimony is necessary for Everest to demonstrate that, but for the actions of Defendants, Everest would have achieved a better outcome in the Rambicure lawsuit. As Plaintiffs have not served an Expert Disclosure Affidavit, there is no expert testimony to support the remaining malpractice claim. Dismissal under Minn. Stat. § 544.42, subd. 6(c), therefore, is warranted.

E.      **All Other Claims**

Failure to comply with the affidavit requirements of Minn. Stat. § 544.42 results in the dismissal of Plaintiffs' legal malpractice claim and all claims directly related to the legal malpractice claim. *Meyer v. Dygert*, 156 F. Supp. 2d 1081, 1089-91 (D. Minn. 2008); *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 116 (Minn. 1992); *Mittelstaedt v. Henney*, 969 N.W.2d 634, 639 (Minn. 2022).

As all of Plaintiffs' remaining claims arise from the same factual basis as the legal malpractice claims asserted in the Complaint, dismissal of these claims, pursuant to Minn. Stat. § 544.42, is warranted because Plaintiffs failed to provide the required Expert Disclosure Affidavit. *Anderson v. Rengachary*, 608 N.W.2d 843, 848-49 (Minn. 2000).

1.      **Breach of Contract and Breach of Fiduciary Duty**

This Court previously dismissed Plaintiffs' breach of contract and breach-of-fiduciary-duty claims regarding the Dorsey and Foley lawsuits because the claims were encompassed in Plaintiffs' untimely malpractice claims arising from the same lawsuits. Here, dismissal also is warranted as to Everest's breach of contract and breach of fiduciary duty claims pertaining to the Rambicure lawsuit.

Under Kentucky law, matters beyond the general knowledge of a layperson require expert testimony. *Wartnick*, 490 N.W.2d at 116. As in the Rambicure lawsuit, dismissal of the malpractice claims arising from the Rambicure lawsuit requires dismissal of the associated breach of contract and breach-of-fiduciary-duty claims. The claims of breach of fiduciary duty and breach of contract were dismissed as part of the failed malpractice claim because they arise from the same operative facts as the malpractice claim. *Delfrate*

*v. Shanner*, 229 F.3d 1151 (6th Cir. 2000).   The allegations supporting Plaintiffs'
malpractice claim closely resemble the allegations supporting Plaintiffs' breach of contract
and breach of fiduciary duty claims alleged in the Rambicure lawsuit.   Notably, Plaintiffs'
allegations do not differentiate between the conduct alleged in support of the malpractice
claims and the conduct alleged in support of the breach of contract and breach of fiduciary
duty claims.   A comparison of those claims within the Complaint demonstrates the
similarity among them.   Because the legal malpractice claim, breach of contract claim, and
breach of fiduciary duty claim arise from the same operative facts as the malpractice claim,
the breach of contract and breach of fiduciary duty claims also must be dismissed.

### 2.    Fraud

Plaintiffs' failure to comply with the affidavit requirements of Minn. Stat. § 544.42
warrants the dismissal of their fraud claims.   When a fraud claim is based on the same
alleged conduct as a malpractice claim subject to Section 544.42, the fraud claim also is
subject to the statute's expert affidavit requirements.   *Afremov v. Sulloway & Hollis,
P.L.L.C.*, 922 F. Supp. 2d 800, 815 (D. Minn. 2013).

Plaintiffs' fraud claims and their malpractice claims overlap as the allegations in the
Complaint establish.   In both the fraud claim related to the Foley and Rambicure lawsuits
and the fraud claim related to the Dorsey lawsuit, the allegations are substantially similar
despite minor variations.   The misrepresentations alleged in the fraud claims pertain to
Defendants' understanding of the requirements for prosecuting attorney malpractice claims.
Proving that these representations were false requires expert testimony to establish the

essential requirements for prosecuting attorney malpractice claims and to evaluate Cathey's qualifications. To determine whether Cathey misrepresented his qualifications requires expert testimony on the specific qualifications and experience needed to litigate the malpractice claims in the underlying lawsuits.

In summary, similar to the malpractice claims, the fraud claims present issues that are beyond common knowledge. Plaintiffs' fraud claims require expert testimony. Asserting fraud claims does not exempt Plaintiffs from complying with Section 544.42. Plaintiffs' failure to provide the required expert testimony, as established in Section 544.42, mandates the dismissal of the fraud claims alleged in Counts VII and VIII. *Brown–Wilbert, Inc.*, 732 N.W.2d at 219.

### F.      Application of Minnesota Statute Section 544.42 to Fraud Claims in Dorsey and Foley Lawsuits

The parties dispute whether Plaintiffs' fraud claims in the Dorsey and Foley lawsuits should be dismissed if the Section 544.42 Affidavit requirement applies. Plaintiffs contend that Ohio law, not Section 544.42, governs these claims. Defendants disagree for several reasons.

First, Defendants dispute Plaintiffs' assertion that the court expressly stated it would apply Ohio law to the remaining fraud claims, observing that the court actually applied Minnesota law in its August 29, 2022 Order despite the contractual Ohio choice-of-law clause. Defendants maintain that Plaintiffs seemed to support the application of Minnesota law in their arguments.

Second, Defendants refute Plaintiffs' accusation that Defendants changed their position on the choice-of-law issue. Defendants maintain that they consistently advocated for the application of Ohio law, even after the court's initial order.

Third, Defendants contend that Plaintiffs' failure to provide a substantive response to the Court's case law establishes that the requirements of Section 544.42 are substantive under *Erie* but procedural for choice-of-law purposes. Plaintiffs mischaracterized Defendants' position on the statute of limitations in Defendants' initial motion to dismiss, Defendants argue. According to Defendants, Plaintiffs' mischaracterization was an effort to mislead the Court. Plaintiffs argued that Defendants strongly opposed the application of the Minnesota statute of limitations, insisting on enforcing the choice-of-law provision and applying Ohio substantive law to the statute of limitation arguments. But Defendants maintain that Plaintiffs' characterization of Defendants' position is inaccurate. Instead, in arguing for the application of the Minnesota statute of limitations, Defendants relied on Minnesota's Uniform Conflict of Laws-Limitations Act ("MUCLLA"), a "borrowing statute" that treats limitations periods as substantive and dictates they are governed by the limitations law of the state whose law applies to other substantive issues in the case. *Sigler v. Ecolab, Inc.*, No. 20-cv-1389 (SRN/ECW), 2022 WL 4000390, at *4 (D. Minn. 2022).

The Court concludes that Section 544.42 is substantive under *Erie* for federalism purposes but procedural for the choice-of-law analysis. Plaintiffs' characterization of Defendants' statute of limitations position does not impact the Court's conclusion that Section 544.42's procedural requirements apply here, regardless of the choice-of-law

provision.  Because Section 544.42 is procedural for choice-of-law purposes, Minnesota law governs as the law of the forum state.  Plaintiffs' description of Defendants' statute of limitations position does not negate the Court's conclusion that Section 544.42's procedural prerequisites apply to the Foley and Dorsey claims, notwithstanding Plaintiffs' choice-of-law contentions.

Finally, Defendants contend that if Ohio law governs the fraud claims in the Dorsey and Foley lawsuits, as Plaintiffs argue, these fraud claims are barred by the statute of limitations.  According to Defendants, because the fraud allegations essentially overlap with the legal malpractice claims, the fraud claims should be dismissed as time-barred.  In *Nalluri v. Jones*, the Ohio Appellate Court affirmed the application of Ohio's one-year statute of limitations to dismiss various claims, including fraud claims, concluding that the legal malpractice claim subsumed all other claims.  No. 19AP-779, 2020 WL 5203223, at *6 (Ohio App. 2020).  The *Nalluri* Court classified this type of complaint as one involving malpractice based on established precedent.  *Muir v. Hadler Real Estate Mgmt. Co.*, 446 N.E.2d 820, 822 (Ohio App. 1982).  Here, Defendants argue, if the Court agrees with Plaintiffs' assertion that their fraud claims in the Dorsey and Foley lawsuits are governed by Ohio law, not subject to Section 544.42, the claims must be dismissed because they fail as a matter of law.

Without a viable fraud claim, Plaintiffs' statutory claims in Counts IX-XII cannot succeed as a matter of law.  The provisions in Minn. Stat. §§ 481.07 and 481.071 do not establish an independent cause of action.  *Baker v. Ploetz*, 616 N.W.2d 263, 272 (Minn.

2000).  Rather, the provisions serve as penalties for successful causes of action involving attorney misconduct.  Consequently, a valid fraud claim is required to impose these penalties.  *Id.* at 270; *Love v. Anderson*, 61 N.W.2d 419, 422 (Minn. 1953).  As Plaintiffs' fraud claims fail for the reasons addressed in Section E(2) of this order, pursuing the statutory remedies in Counts IX-XII is legally untenable.  *Baker*, 616 N.W.2d at 266, 269–72.  Sections 481.07 and 481.071 do not apply in the absence of a properly pled fraud claim. The Court, therefore, dismisses with prejudice Counts IX-XII.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendants Porter, Wright, Morris, & Arthur LLP's and Christopher D. Cathey's motion to dismiss, (Dkt. 41), is **GRANTED**; and

2. Defendants Porter, Wright, Morris, & Arthur LLP's and Christopher D. Cathey's motion for judgment on the pleadings, (Dkt. 47), is **DENIED AS MOOT**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 27, 2023

s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge